Merrimack
No. 87-090

HARRY P. & a.

v.

JOHN J. SHERIDAN, ADMINISTRATOR, & a.

June 3, 1987

*Bruce E. Friedman & a.*, of Concord (*Mr. Friedman & a.* on the memorandum, and *Mr. Friedman* orally), for the plaintiffs.

*Stephen E. Merrill*, attorney general (*Emily Gray Rice*, assistant attorney general, and *Susan S. Geiger*, assistant attorney general, on the memorandum, and *Ms. Rice* orally), for the defendants.

MEMORANDUM OPINION

On February 14, 1985, the Superior Court (*Dunn*, J.) ordered the defendant to limit the population of each building at the Youth Development Center (YDC) to the "population cap established by RSA 621:10 (Supp. 1983)." RSA 621:10, I, provides that "[n]o residential facility at [the YDC] shall exceed, for a period of more than 24 hours, Sundays and holidays excluded, the maximum capacity . . . as fixed by a population oversight panel . . . ." At all relevant times the total of the building populations so established has been, and remains, 107 juveniles.

By a pleading dated October 30, 1986, counsel for the plaintiffs moved that the administrator of the YDC and others be found in contempt of the 1985 order for their failure to limit the population to the numbers permitted under the statute. On January 13, 1987, the Superior Court (*Morrill*, J.) found the named officials in contempt and issued a further order that the "population of the [YDC] is not to exceed 107 juveniles under any circumstances at any time."

The defendants moved for reconsideration of the order because of its inconsistency with RSA 621:10, I. The court conceded that the motion raised "a valid point," but observed that the statutory language was "unclear" and "for the sake of clarity" denied reconsideration. The defendants appealed.

The statute plainly gives the defendants leeway to exceed the limit of 107 for short periods of twenty-four hours plus Sundays and holidays continuous therewith. The apparent reason for this is the practical difficulty of making alternative dispositional arrangements on very short notice and on days when judicial and other governmental agencies are not conducting regular business.

Although the order in question would remove that leeway, we are unable to find any foundation in the record for doing so. The motion for contempt seeks no such order, and there is no finding that the health and safety of juveniles committed to the YDC has been or would be jeopardized by allowing an expanded population during the limited periods allowed under the statute.

The plaintiffs have attempted to justify the order under appeal by reference to the Governor's Executive Order 84-9, dated December 7, 1984, but we do not find support in the latter for the superior court's imposition of an absolute limit of 107. While the executive order generally requires that the "maximum population of the

[YDC] permitted by law . . . of 107 residents shall be maintained and . . . not . . . exceeded," its preamble quotes the statutory language giving the administration discretion to exceed that number temporarily. We do not believe, therefore, that the executive order can reasonably be interpreted to limit the statutory permission to exceed 107. Equally to the point, perhaps, is the fact that this is not a proceeding to enforce the executive order.

Because we find no basis for subjecting the defendants to a more onerous burden than the statute imposes, the superior court's order shall be amended to allow the population of the YDC to exceed 107 to the extent permitted by RSA 621:10, I.

*Remanded for modification.*